IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUIS RUDOLPHO LOPEZ<br>(TDCJ No. 1874821),<br><br>Petitioner,<br><br>V.<br><br>LORIE DAVIS, Director<br>Texas Department of Criminal Justice<br>Correctional Institutions Division,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:16-cv-2310-B-BN |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Luis Rudolpho Lopez, a Texas inmate, proceeding *pro se*, has filed an application for writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. Nos. 1 & 2. For the reasons explained below, the federal habeas application should be denied pursuant to Rule 4 of the Rules Governing Section 2254 Cases without prejudice to Lopez's right to fully exhaust his state court remedies.

## Applicable Background

In 2013, Lopez was convicted of continuous sexual abuse of a child and sentenced to 40 years' imprisonment. *See State v. Lopez*, No. F-1160773-M (194th Jud. Dist. Ct., Dallas Cnty., Tex.). The trial court's judgment was affirmed on direct appeal, *see Lopez v. State*, No. 05-13-01137-CR (Tex. App. – Dallas Feb. 2, 2015), and the Texas Court of Criminal Appeals ("CCA") refused Lopez's petition for discretionary review, *see Lopez v. State*, PD-0199-15 (Tex. Crim. App. June 3, 2015).

But, as he admits in his Section 2254 application, *see* Dkt. No. 1 at 3-4, Lopez has yet to file a state habeas application. He seeks instead federal-habeas review of the Dallas Court of Appeals's decision as to his claim of ineffective assistance of counsel ("IAC"). *See id.* at 6; Dkt. No. 2.

## Legal Standards and Analysis

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989); *see also Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) ("The exhaustion doctrine demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition. The exhaustion doctrine is based on comity between state and federal courts, respect for the integrity of state court procedures, and 'a desire to protect the state courts' role in the enforcement of federal law.'" (quoting *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (in turn quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)))). In Texas, a prisoner must present his claims to the CCA in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes); *see Rodriguez v. Dretke*, No. 5:04-cv-28-C, 2004 WL 1119704, at *1 (N.D. Tex. May 17, 2004) (applying Rule 4 prior to the filing of an answer where this "Court [was] of the opinion that [the petitioner] has failed to exhaust his state court remedies" (citing *Kiser*)); *see also Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("[T]here is no doubt that a federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete." (citations omitted)); *cf. Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1988) ("This requirement, that a petitioner who seeks federal redress must first seek relief in state courts and thus exhaust his state remedies, is not a jurisdictional prerequisite, but a prudential policy based on concerns for federalism." (citations omitted)).

IAC claims are almost never resolved on direct appeal. In fact, as the United States Supreme Court has observed, "[t]he structure and design of the Texas system in actual operation ... make it 'virtually impossible' for an ineffective assistance claim to be presented on direct review." *Trevino v. Thaler*, 133 S. Ct. 1911, 1915 (2013) (quoting *Robinson v. State*, 16 S.W.3d 808, 810-11 (Tex. Crim. App. 2000)). And, as the Dallas Court of Appeals observed regarding Lopez's IAC claim, the direct appeal

record's silence "concerning his counsel's rationale or reasoning" provided "no explanation for counsel's actions and, as a result, the record on direct appeal is usually not sufficient to establish that counsel's representation was so lacking in strategic or tactical decisionmaking to overcome the presumption that counsel's conduct was reasonable and professional." *Lopez*, No. 05-13-01137-CR, slip op. at 9-10; *compare id.*, *with Trevino*, 133 S. Ct. at 1921 ("the Texas procedural system – as a matter of its structure, design, and operation – does not offer most defendants a meaningful opportunity to present a claim of ineffective assistance of trial counsel on direct appeal").

The Dallas Court of Appeals's decision to "resolve" the IAC "issue against" Lopez based on the lack of a record is not the equivalent of Lopez's affording the state courts (including the CCA, as the applicable highest state court) an opportunity to address the substance of his IAC claim before asking a federal court to do the same. Therefore, Lopez has failed to exhaust state court remedies in a procedurally correct manner, and his Section 2254 petition should be dismissed without prejudice pursuant to Rule 4.

## Recommendation and Direction to the Clerk of Court

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court should deny Lopez's 28 U.S.C. § 2254 habeas application without prejudice to his right to fully and properly exhaust state court remedies, and also should direct that the Clerk of Court serve any order adopting this recommendation on the Texas Attorney General.

The Clerk of Court is DIRECTED to serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in

support thereof, on the Texas Attorney General and will be directed to the attention of Elizabeth Goettert and Laura Haney, Texas Attorney General's Office, Postconviction Litigation Division, Austin, Texas. *See* RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, RULE 4.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 12, 2016

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE